David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
One East Camelback Road, Suite 300
Phoenix, AZ 85012
Telephone:  (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiffs
Benjamin Cooke and Mary Cooke

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Benjamin Cooke and Mary Cooke<br><br>Plaintiffs,<br><br>v.<br><br>Gurstel Staloch & Chargo PA<br><br>Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Benjamin Cooke and Mary Cooke, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Gurstel Staloch & Chargo PA, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

7. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiffs are natural persons who reside in the City of Glendale, County of Maricopa, State of Arizona.

10. Defendant is located in the City of Tempe, the County of Maricopa, and the State of Arizona.

11. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13. At all times relevant to this matter, Plaintiffs were individuals residing within the State of Arizona.

14. At all times relevant, Defendant conducted business within the State of Arizona.

15. Sometime before March 3, 2008, Plaintiffs are alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before March 3, 2008, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of this alleged debt.

18. Subsequently, but before March 3, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about March 3, 2008, Defendant served on Plaintiffs a summons and complaint filed in the Estrella Justice Court, case number CC2008-045922rc.

20. Defendant brought a legal action against Plaintiff unrelated to real property in a judicial district or similar legal entity that is outside of where Plaintiff allegedly signed the contract sued upon and is outside the judicial district or

similar legal entity where Plaintiff resided at the commencement of the action. This conduct by Defendant violated 15 U.S.C. § 1692i.

21. Serving the summons and complaint on Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. On March 6, 2008, Plaintiff called Defendant and agreed to a settlement for the Justice Court lawsuit. The agreed upon settlement consisted of a total of $778.46. This was to be paid in two payments.

23. At this time, Plaintiff gave Defendant permission to withdrawal two payments from his checking account. The first payment of $500.00 identified with check number 5010, and a second payment of $278.46 identified with check number 5011.

24. On March 13, 2008, Defendants made the first withdrawal of $500.00 check number 5010.

25. On or about March 25, 2008, Defendant sent Plaintiff a letter stating they were going to withdrawal the second check in the amount of $278.46 identified with check number 5011.

26. On or about March 27, 2008, Defendants made an unauthorized withdrawal from Plaintiffs' account in the amount $500 identified with an out of sequence check number, 9000.

27. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

28. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

29. Defendant's actions were also a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

30. On or about March 27, 2008, Plaintiff called Defendant and spoke to Defendant's agent Steven Anderson. During this conversation Mr. Anderson admitted that Defendant "screwed up", and informed Plaintiff that he had a second account with Defendant. He then proceeded to try to convince Plaintiff that this unauthorized $500 withdrawal should go to Plaintiffs' second account with Defendant.

31. Defendant's statements were a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

32. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

33. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

34. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

35. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

36. During this conversation, Defendant stated that Plaintiff had to "go to the Tempe office for them to cut him a check" to reimburse him for the unauthorized withdrawal.

37. Defendant's statements were a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

38. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

39. On or about April 1, 2008, Plaintiffs drove across town to Defendant's Tempe office to request a refund.

40. At this time, Plaintiff's were required to discuss their account with Defendant's agent Jessica Laginess.

41. During this conversation, Ms. Laginess informed Plaintiffs that the Tempe office could not issue checks to Plaintiff.

42. Defendant's statements were a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

43. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

44. During this same conversation, Defendant again tried to settle Plaintiff's second account by keeping the unauthorized withdrawal. During this conversation, Defendant was aware that Plaintiff's believed the total amount withdrawn from their account were the two withdrawals of $500 for a total of $1000.

45. At this time, Defendant convinced Plaintiff to allow Defendant to keep the unauthorized withdrawal and for Plaintiff to pay Defendant an additional $100 to settle Plaintiff's original lawsuit as well as the alleged second account in Defendant's possession.

46. Defendants were aware that Plaintiff's were under the impression that both accounts were settled for a total of $1,100, consisting of the two $500 withdrawals and the $100 cash payment.

47. A few days later, Plaintiff's realized that Defendants still withdrew check number 5011 for the amount of $278.46

48. This withdrawal was not part of the re-negotiated settlement that Plaintiffs agreed upon with Defendant.

49. On or about April 8, 2008, Plaintiffs again returned to Defendant's Tempe office. During this visit they were instructed to speak to Mr. Jeno Berta.

50. During this conversation, Mr. Berta asked several times if Plaintiffs were happy with the settlement of the lawsuit in the amount of $778.46. Each time, Plaintiffs responded that they were indeed happy with that settlement, however they just wanted their funds returned from the unauthorized withdrawal allegedly related to the second account.

51. During this conversation, Defendant stated that since Plaintiff was unhappy with the re-negotiated settlement of the second account, that Defendant were now rescinding all agreements with Plaintiff and would not honor the agreed upon settlement for the first account for the lawsuit in Justice Court.

52. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

53. Defendant's statements were a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

54. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

55. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

56. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

57. After this conversation, Plaintiffs were informed they would receive a reimbursement of all funds withdrawn from their account. Plaintiffs were informed a deposit would be made into the account in the amount of $1,483.46 on April 11, 2008.

58. This deposit was not made.

59. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

60. Defendant's statements were a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

61. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

62. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

63. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

64. Plaintiff then made a complaint with the State Bar of Arizona. After further communications with the State Bar and Mr. Berta, Plaintiffs finally received a check for the $1,483.46.

65. Plaintiffs were then forced to litigate the case in Justice Court. Defendants eventually prevailed and were awarded a judgment.

66. Defendants then obtained a writ of garnishment to garnish Plaintiff Ben Cooke's wages. This document was dated as being filed with the court on December 17, 2008. Plaintiff had 10 days from that date to protest the garnishment, however, Defendants delayed in sending Plaintiffs notice of the garnishment. Plaintiffs finally received the notice on January 7, 2008, two weeks after their deadline to oppose the writ.

67. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

68. Defendant's actions were a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

69. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

70. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

//
//
//
//
//

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

71. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

73. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

74. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

75. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

76. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

//

## TRIAL BY JURY

77. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: March 24, 2009             Hyde & Swigart

                                                       By: /s/ David J. McGlothlin
                                                       David J. McGlothlin
                                                       Attorneys for the Plaintiffs